Thurmond W. PIERCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 57567.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 21, 1979.

William W. Looney, Jr., court appointed, Killeen, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction before the trial court for possession of marihuana pursuant to Art. 4476–15, Section 4.05(b)(1), of the Controlled Substances Act. The court assessed punishment at three years plus a fine of $200.00, but suspended the punishment and placed appellant on felony probation.

Appellant's sole assertion on appeal is that the evidence is insufficient to prove beyond a reasonable doubt that he was in possession of marihuana as alleged in the indictment.

■ In order to establish the unlawful possession of a controlled substance, the State must prove: (1) that the accused exercised care, control and management over the contraband, and, (2) that the accused knew the substance possessed was a controlled substance. *Herrera v. State,* 561 S.W.2d 175 (Tex.Cr.App.1978); *Harrison v. State,* 555 S.W.2d 736 (Tex.Cr.App.1977); *Hernandez v. State,* 538 S.W.2d 127 (Tex. Cr.App.1976).

Viewed in a light most favorable to the verdict of conviction, the record reflects that on February 4, 1977, officers Charles Remond Spriggs and Greg Koloroutis, pursuant to an informant's tip, secured a warrant for the arrest of Terry Hybeck,[1] as well as a search warrant for the premises at 302 Wolf Street, Apartment 13, where the officers knew Hybeck resided. After five to ten minutes of surveillance, the officers observed the appellant drive up in a yellow cab and, with the headlights of the cab shining on the front door of the first floor apartment, knock on the door; apparently receiving no answer, appellant got back into his cab and drove away.

Determining from this observation that no one was at home at the apartment in question, the officers left to look for their known suspect, Terry Hybeck. On finding Hybeck in a cafe several blocks away, the officers placed him under arrest and had him accompany them back to the apartment where they gained entry through use of a key found on Hybeck.

In the apartment, the officers found and seized the following items which proved to contain marihuana: two clear baggies in a shoe box lying on the bed in plain view, one clear glass jar on top of a bookcase in the living room, a paper bag on the kitchen counter, 14 baggies placed in a shoe box with the lid on, found on the floor in the dining room which contained 13 marihuana cigarettes or "joints."[2] Additionally, the officers seized a single key to the apartment and six writings, one of which was a blank personal check reflecting the name of

---

1. "Heibeck" in indictment and appellant's brief, but "Hybeck" in statement of facts and State's brief.

2. A written stipulation by the parties reflects that the aggregate amount of marihuana seized from the apartment was 16.44 ounces.

the appellant and an apparent erroneous address of the apartment in question, 3<u>20</u> Wolf Street, Apartment 13. An envelope, addressed to appellant at 302 Wolf, # 13, bearing the postmark of December 29, 1976 was also found.[3] The other documents bore the name of Terry Hybeck and the record does not reveal what they reflected.

Charles E. Roper, the rental manager for Morris Real Estate Agency, testified that he had personally leased the apartment in question to appellant on or about November 17, 1976.[4] Roper testified that he had never been inside the apartment since leasing it to appellant and did not know who lived there. According to Roper, others could have been living in the apartment or it could have been sublet, as subleasing, though in violation of the lease agreement, was not an uncommon practice in Killeen. A diagram shows but one bed in this one bedroom apartment.

█ Because appellant was not present when the contraband was discovered, the above mentioned elements must be proved by circumstantial evidence in order to show that he knowingly possessed the marihuana seized. In addition, a conviction based on circumstantial evidence cannot withstand appellate review of its sufficiency "unless the circumstances exclude every other reasonable hypothesis except that the accused is guilty. Proof which amounts only to a strong suspicion or mere probability is insufficient." *Duff v. State,* 546 S.W.2d 283, 287 (Tex.Cr.App.1977); See also generally *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr. App.1977).

█ For the sake of our inquiry, we will assume that a resident, with ready access to the apartment in question, would not likely be ignorant of existence of contraband therein, under circumstances which show it was found in every room of the dwelling, much of it in plain view. See

*Herrera v. State,* supra; and *Turner v. State,* 543 S.W.2d 629 (Tex.Cr.App.1976). The writings bearing appellant's name and the apartment address, therefore, may be used to show his joint occupancy of the premises with Terry Hybeck, which in turn is relevant to the issue of *who* possessed the marihuana seized at 302 Wolf Street, Apartment 13, on the day in question. *Herrera v. State,* supra.

The evidence of appellant's occupancy of the premises consists of: (1) his execution of a month to month tenancy lease for the apartment on or about November 17, 1976; (2) the envelope addressed to appellant at the apartment postmarked December 29, 1976; (3) the check blank bearing appellant's name and an erroneous recitation of the apartment address. While this evidence appears sufficient to establish that appellant had occupied the premises some two months preceding the day of the search, there is no evidence that appellant resided at the apartment on the day the contraband was seized or at any time in the recent past. Compare *Herrera v. State,* supra. Nor was any evidence introduced to show that appellant had access to the contraband; in fact, the testimony of the officers clearly illustrated that appellant did not have a key to the apartment, at least on the day in question. Cf. *Hernandez v. State,* 538 S.W.2d 127 (Tex.Cr.App.1976). Both officers testified that they never saw appellant exercise any care, control, or management over the marihuana, that for all they knew, it all belonged to Terry Hybeck and appellant had no knowledge of its existence.

█ Absent an additional showing by the State that appellant either resided at the apartment or had ready access to it, it is reasonable to conclude from the existing evidentiary facts and circumstances that appellant had sublet the apartment to Terry Hybeck within the two preceding months

---

3. When Officer Koloroutis was asked where the check blank and envelope were found, he responded, "I believe those documents were found in the bedroom and various places in the house." The exact location of these items was not clarified.

4. The application for lease was signed by appellant, but was made on behalf of "Jim Pierce and Dee Ann."

The envelope found in the apartment addressed to appellant reflected the return address of "Dee Ann Boales; Burlington, Iowa."

and had stopped by the apartment on February 4 to collect the rent. Being clearly unable to exclude every reasonable hypothesis other than appellant's guilt, the evidence is insufficient to sustain this conviction.

The judgment is reversed and the cause remanded with instructions to the trial court to enter a judgment of acquittal.