Elaine WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 68062.

Court of Criminal Appeals of Texas,
Panel No. 1.

April 14, 1982.

Michael L. Brandes, Austin, for appellant.

Margaret Moore, County Atty., and Benjamin Florey, Asst. County Atty., Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for theft over $20. Punishment was assessed by the trial court at twenty days confinement in the Travis County Jail and a fine of $200. Appellant was placed on probation. The appellant challenges the sufficiency of the evidence.

The record reveals that Rigoberto Perez Ortiz, a meter reader for the Southern Union Gas Company, testified that on February 4, 1980 while reading meters on his assigned route, he came to 1800 Celeste Circle. Ortiz explained that he normally had an IBM card for each meter he read.

At 1800 Celeste Circle there was a gas meter, No. 708497; however, Ortiz had no IBM card for that meter. Ortiz reported this fact to his supervisor.

Cheryl Collier, customer consultant at Southern Union Gas Company, stated that on February 12, 1980, she submitted a service request order to have a serviceman check the residence at 1800 Celeste Circle to find whether a customer was living at that address, get the customer's name, verify the meter number, and obtain a reading on the meter. Collier also stated the company's records indicated that on August 24, 1979 gas meter No. 708497 was reported missing from 5604 Hudson Street.

William Guttman, a dispatcher supervisor, also testified that meter No. 708497 belonged at 5604 Hudson Street. Guttman submitted an order for a serviceman to remove meter No. 708497 from the residence at 1800 Celeste Circle.

Charles Carpenter, a serviceman, testified that he handled the initial service order on 1800 Celeste Circle on February 13, 1980. Carpenter verified that meter No. 708497 was in fact installed and working at 1800 Celeste Circle. Carpenter, however, was unable to ascertain the name of the customer living at that address, as no one was at home.

Lester Williams, Jr. and Alvis Kennedy, also servicemen, explained that on February 14, 1980 they were dispatched to 1800 Celeste Circle to remove the gas meter. Williams and Kennedy removed the meter and "closed" the gas line. Kennedy stated that he attempted to notify the residents at 1800 Celeste Circle that the gas meter was being removed; however, no one was home.

The State established, through the testimony of Joe Mangum, a customer service employee for the City of Austin Water, Light and Power Department, that electrical and water utility service at 1800 Celeste Circle was initiated on December 4, 1978, by the appellant. Joe Mangum testified that

although utility bills for November and December of 1979 were sent to the appellant at 1800 Celeste Circle, no payment was received. Only a partial payment was received on the October 1979 bill. Mangum was unable to discern from the records who paid the bills or how payment was made.

The State introduced the deposit card that is filled out at the time a customer takes out utility service.[1] This particular card was signed by one Elaine Williams. The State also introduced a handwriting exemplar taken from the appellant.[2]

Cathy Cloud, collection supervisor for the Southern Union Gas Company, testified that gas service for 1800 Celeste Circle was connected on December 4, 1978 but was disconnected on July 17, 1979 for non-payment of the bill. Cloud explained servicemen subsequently discovered the gas had been turned back on at that address. On August 14, 1979 servicemen removed meter No. 0008927 from 1800 Celeste Circle. Meter No. 708497 was reported missing from 5604 Hudson Street on August 24, 1979.

■ Appellant's sole ground of error challenges the sufficiency of the evidence by arguing there was no direct or circumstantial evidence identifying the appellant as having anything to do with the alleged theft.

The State argues that the presumption of the appellant's guilt arising from her possession of recently stolen property renders the evidence sufficient to sustain this conviction.

It is well settled that the unexplained possession of recently stolen property is a circumstance sufficient to support a conviction for theft provided such possession is personal, recent, unexplained and involves a distinct and conscious assertion of right to the property by the defendant. See *Rodriguez v. State*, 549 S.W.2d 747 (Tex.Cr.App. 1977); *Ellard v. State*, 509 S.W.2d 622 (Tex. Cr.App.1974); *Anderson v. State*, 486 S.W.2d 569 (Tex.Cr.App.1972). Although

1. This service, as indicated on the deposit card, was for "water or electric service, or both."

2. The exhibits were before the trial court for its inspection. From the record, we are able to ascertain that the handwriting is similar.

unexplained possession of recently stolen property is a circumstance of guilt, it is not conclusive evidence of guilt. See *Ellard v. State,* supra; *Clark v. State,* 149 Tex.Cr.R. 537, 197 S.W.2d 111 (1946). A conviction based on such evidence is tested under the law of circumstantial evidence. Further, in order for a conviction relying on circumstantial evidence to withstand appellate review of its sufficiency, the circumstances must "exclude every other reasonable hypothesis except that the accused is guilty. Proof which amounts only to a strong suspicion or mere probability is insufficient." *Duff v. State,* 546 S.W.2d 283, 287 (Tex.Cr. App.1977); see *Pierce v. State,* 577 S.W.2d 253 (Tex.Cr.App.1979); *Ellard v. State,* supra.

The evidence in the instant case established the stolen meter was found connected to the gas lines at the residence at 1800 Celeste Circle. A deposit card signed by appellant established that the electrical utilities at this residence were in the appellant's name. Cloud explained a service request order was received, in the name of Elaine Williams, to connect gas service at 1800 Celeste Circle on December 4, 1978. However, no order for gas service, signed by the appellant, was admitted into evidence. Furthermore, Cloud made no explanation as to whether the appellant placed the order in person. The State also failed to establish that the appellant lived at this residence or who actually paid the electrical utility or gas bills. Further, no servicemen for the gas company had ever seen the appellant on the premises. The evidence did not prove the appellant was in exclusive or personal possession of the residence, much less the meter.

The State relies on the dissenting opinion in *Herndon v. State,* 543 S.W.2d 109 (Tex. Cr.App.1976) in support of its argument that a showing of who paid the utilities is evidence of who possessed the premises. This Court in *Williams v. State,* 498 S.W.2d 340 (Tex.Cr.App.1973), however, held evidence of utilities being registered in defendant's name, alone, was insufficient to show he occupied the premises. Subsequently, in *Williams v. State,* 521 S.W.2d 275 (Tex.Cr.App.1975), this Court reached a similar conclusion regarding a conviction for possession of lysergic acid diethylamide. Although the tablets were found in a residence at which the utilities were connected in the name of the defendant, this Court held such evidence was insufficient to show the defendant occupied the residence because the State did not establish that the defendant lived at the house. Additionally, the director of the Utilities Department did not know who actually had paid the utility bills.

■ The preceding holdings are applicable to the instant case. The evidence that the utilities for the residence where the stolen property was located were registered in the name of the appellant is insufficient to show that the appellant ever had the personal possession of the stolen property or that appellant asserted a distinct and conscious right to the property. Further, the circumstance of the utilities registered in appellant's name does not exclude every other reasonable hypothesis except that the accused is guilty. Accordingly, the evidence is insufficient to sustain the conviction.

The judgment is reversed and remanded with instructions to enter a judgment of acquittal.