Kenneth Stuart **HARDESTY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 65718.

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

Rehearing Denied Sept. 21, 1983.

Arch C. McColl, III, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton and Norman Kinne, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Appellant was convicted of the offense of theft of property valued at more than $200.00, under V.T.C.A., Penal Code, § 31.-03(b)(1), and sentenced to four years in prison. Trial was before the court.

Appellant challenges the sufficiency of the evidence supporting his conviction for theft of a pickup truck. The pertinent facts follow. The State called Marvin Ball, a burglary investigator for the Irving Police Department, who testified that on January 10, 1979, he and another officer went to appellant's residence to execute a search warrant for stolen goods. Ball observed appellant and another man pushing a motorcycle trailer down the street in front of appellant's house. There was a front end assembly for a pickup truck loaded on the trailer. When the officers approached the two men, they dropped the trailer and ran away. The officers drew their service revolvers, told appellant to stop, and after apprehending him, arrested appellant. The record is silent but apparently at the time of the arrest, appellant was not asked for nor did he offer an explanation for his actions. At the time of their encounter with appellant, the officers were aware that the front end assembly of a pickup truck had been stolen.

The State also called Michael Grayson, who testified that he had a conversation with appellant sometime in December, 1978, wherein appellant asked Grayson to help him take the front end off of a pickup truck. Grayson went with appellant to appellant's mini-warehouse storage stall and helped appellant remove the front end from a pickup truck. He testified that, after they removed the front end, appellant drove the truck to the Irving Police Pound and parked it. When asked if Grayson had any idea why appellant parked the truck in front of the Irving Pound, Grayson stated, "I guess, 'cause it wasn't his [appellant's]."

The State then called Danny Robinson, the owner of the stolen truck. He stated that on December 26, 1978, he left the truck at a transmission shop in Irving, from which it was stolen. When he recovered his stolen pickup truck from the Irving Pound, the front end was missing. He was later called to the police department to identify a front end assembly which the police had recently recovered. Based upon several dents in the front right fender, he identified the assembly as that which belonged to his truck. He also testified that the truck was valued at more than $200.00 and that he had not consented to its taking.

Appellant testified in his own behalf and stated that he first saw the front end assembly on December 29, 1978. At that time, he was with Michael Grayson, at their mini-warehouse storage stall. He testified that Grayson informed appellant that the assembly had belonged to a friend of Grayson's who wanted to sell it for $300.00. On that same day, appellant discussed the purchase with his father, Edwin Hardesty, rented a trailer hitch, returned to the storage stall, and with Grayson's help, loaded the front end on the trailer and moved it to his house.

Appellant also testified that on January 10, 1979, he received a telephone call from Tony Thorn, who told him that he had been arrested and that the front end appellant had purchased from Grayson was stolen. Thorn also told appellant that the police had a search warrant and were en route to appellant's house to arrest him. Appellant stated that, after his conversation with Thorn, he panicked, ran out of the house, put the front end back on the trailer, and with the help of a friend, began pushing the trailer down the street. He was then confronted by the police. He testified that he was trying to remove the assembly from his property.

Appellant's father testified that he and appellant had discussed the purchase of a front end assembly and that he had agreed to arrange for money to be taken from appellant's account to pay for the front end.

Appellant attacks the sufficiency of the evidence in two ways: first, the accomplice witness Grayson's testimony was not sufficiently corroborated; and second, there was

insufficient evidence to support the presumption of guilt arising from appellant's recent and unexplained possession of stolen property.

First, we find that the testimony of the accomplice witness, Michael Grayson,[1] was sufficiently corroborated. In order to support a conviction based upon accomplice testimony, there must be corroborating evidence, other than the testimony of the accomplice witness, which tends to connect the defendant with the offense. Article 38.14, V.A.C.C.P. The test of the sufficiency of the corroborating evidence requires that we eliminate from consideration the evidence of the accomplice witness and then examine the testimony of other witnesses to determine whether there is inculpatory evidence which tends to connect the defendant with the commission of the offense; the evidence is sufficient if there is other evidence of an incriminating nature. *Dillard v. State,* 550 S.W.2d 45, 49 (Tex.Cr. App.1977), and cases cited therein. Moreover, the corroboration need not directly link the accused to the crime nor be sufficient in itself to establish guilt. *Id.*

In the case at bar, the accomplice witness Grayson testified to appellant's possession of the stolen truck. When we eliminate Grayson's testimony from consideration, the statements of Officer Ball, the complainant, and appellant remain. Ball testified that he saw appellant moving the stolen front end assembly and that when the officers confronted appellant, he tried to run away. The front end assembly was identified as belonging to the complainant's truck. Also, appellant admitted possession of the front end to the truck and also stated that he had been informed that the truck was stolen. We hold this evidence is sufficient to corroborate the accomplice's testimony.

Second, appellant contends that the evidence is insufficient to support theft of the truck. The State argues that the *presumption* of appellant's guilt arising from his possession of recently stolen property renders the evidence sufficient to sustain the conviction.

Before we address the merits of the State's contention, we are constrained to correct the State's misuse of the term "presumption." Stated simply, a true presumption is a rule of law laid down by the courts which attaches to facts certain procedural consequences, such as the shift in the burden of evidence production: when fact A is established, the factfinder *must* find fact B, unless the opponent introduces evidence from which the factfinder could reasonably find that B did not exist. [R. Ray, Texas Law of Evidence, § 51, 53 (3rd edition, 1980).] Distantly related is the term "permissible inference" which is a deduction from the facts which the factfinder *may* draw from the circumstances of the case without the aid of any rule of law, but is not obligated to do so. *Id.;* see generally also *Turner v. United States,* 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

The "presumption" cited by the State is not a true presumption, but rather is a permissible inference. If a defendant is found in possession of recently stolen property and at the time of arrest fails to make a reasonable explanation showing his honest acquisition of the property, the factfinder may draw an inference of guilt. *Williams v. State,* 631 S.W.2d 171 (Tex.Cr.App. 1982); *Hardage v. State,* 552 S.W.2d 837 (Tex.Cr.App.1977); *Ellard v. State,* 509 S.W.2d 622 (Tex.Cr.App.1974); *Wall v. State,* 167 Tex.Cr.R. 634, 322 S.W.2d 641, 643 (Tex.Cr.App.1959); *Walden v. State,* 165 Tex.Cr.R. 196, 305 S.W.2d 354 (Tex.Cr. App.1957). Although this inference has often been labeled a "presumption,"[2] such terminology is incorrect for two reasons.

---

1. Since Grayson participated with appellant in the disposition of the property involved, we deem him an accomplice witness. See *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). Moreover, in closing argument, the prosecuting attorney conceded that Grayson was an accomplice witness.

2. For example, the term "presumption" was used in *Williams,* supra; *Hardage,* supra; *Ellard,* supra; and *Walden,* supra. In *Wall,* how-

First, if the evidence shows that the defendant was found in possession of recently stolen property, and no reasonable explanation is offered at the time of arrest, the factfinder is not forced to convict the defendant, the burden of proof is not shifted, and the State must still prove each element of the crime beyond a reasonable doubt. See 19 Tex.Jur.3d, Criminal Law § 715, p. 416 (1982).

Second, the deduction of guilt drawn from a defendant's recent and unexplained possession of stolen property is merely a circumstance of guilt and is not conclusive. *Ellard*, supra; *Williams*, supra. Once the permissible inference arises, the sufficiency of the evidence must still be examined according to applicable direct or circumstantial evidence standards of appellate review since the inference is not conclusive.

Proper use of legal terminology requires that the deduction drawn from a defendant's recent and unexplained possession of stolen property be termed a permissible inference. Although many cases use the term "presumption," we now clarify the law and disavow any previous language to the contrary in discussing theft cases under V.T.C.A., Penal Code, § 31.03(b)(1).

Moreover, prior cases have held that evidence of a defendant's recent and unexplained possession of stolen property was sufficient in itself to sustain a conviction. *MacKenna v. State*, 164 Tex.Cr.R. 623, 301 S.W.2d 657 (Tex.Cr.App.1957); *Wall*, supra; *Foster v. State*, 170 Tex.Cr.R. 61, 338 S.W.2d 458 (Tex.Cr.App.1960); *Stubblefield v. State*, 372 S.W.2d 539 (Tex.Cr.App.1963); *Bowers v. State*, 414 S.W.2d 929 (Tex.Cr. App.1967); *English v. State*, 441 S.W.2d 195 (Tex.Cr.App.1969); *Huff v. State*, 492 S.W.2d 532 (Tex.Cr.App.1973); *Smith v. State*, 518 S.W.2d 823 (Tex.Cr.App.1975); *McElyea v. State*, 599 S.W.2d 828 (Tex.Cr. App.1980). Beginning with *Clark v. State*, 149 Tex.Cr.R. 537, 197 S.W.2d 111 (Tex.Cr.

App.1946), however, evidence of recent and unexplained possession of stolen property was considered merely a circumstance of guilt and was not conclusive: all of the evidence in the case was still required to meet the applicable circumstantial evidence standard. *Williams*, supra; *Montoya v. State*, 625 S.W.2d 25 (Tex.Civ.App.—San Antonio, 1981); *Hardage*, supra; *Ellard*, supra; *Clark*, supra. Since we have held that such evidence raises merely a permissible inference, and not a presumption, legal uniformity requires that we adopt the holding in the latter group of cases. Once the permissible inference arises, sufficiency of the evidence must still be examined according to applicable evidentiary standards of appellate review since the inference is not conclusive. Once again, any previous caselaw to the contrary is overruled.

■ We find that based upon the facts before us, the judge as the factfinder was faced with sufficient evidence to permit him to infer appellant's possession of recently stolen property as a circumstance of guilt. Appellant was arrested in possession of property that had been stolen 15 days before his arrest.[3] Moreover, there is no evidence that appellant voiced the explanation offered at trial at the time of his arrest. We find the inference of guilt based upon this evidence proper under the facts.

■ We must next assess the sufficiency of the evidence *in toto*, since the inference of guilt is merely a circumstance of guilt and is not conclusive. *Ellard*, supra, at 624, citing *Clark*, supra. The evidence when viewed as a whole must still be sufficient under normal standards of appellate review relating to sufficiency of the evidence. See *Williams*, supra; *Ellard*, supra.

In addition to the evidence as previously set out in this opinion, Ball's testimony indicated that immediately prior to his arrest,

ever, the court correctly referred to the "inference of ... guilt" which may arise in some circumstances. *Id.*, 322 S.W.2d at 643.

**3.** We note that in this case, appellant's possession of part of the stolen truck at the time of

his arrest properly warranted the conclusion that appellant had stolen the entire truck. See *Clark v. State*, 149 Tex.Cr.R. 537, 197 S.W.2d 111, 113 (Tex.Cr.App.1946); *Johnson v. State*, 476 S.W.2d 324 (Tex.Cr.App.1972).

appellant tried to avoid police apprehension. Flight is also a circumstance indicating guilt. *Rumbaugh v. State,* 629 S.W.2d 747 (Tex.Cr.App.1982), *Valdez v. State,* 623 S.W.2d 317 (Tex.Cr.App.1981) and *McWherter v. State,* 607 S.W.2d 531 (Tex. Cr.App.1980). Grayson testified that appellant removed the front end assembly from the stolen truck. We hold that the evidence is sufficient to support appellant's conviction for the offense of theft.

Accordingly, appellant's ground of error concerning the sufficiency of the evidence supporting his conviction is overruled. The judgment of the trial court is affirmed.

W.C. DAVIS, J., concurs in result.