**William Allen BLAKELEY, Jr., Appellant,**

v.

**The STATE of Texas, State.**

No. 2–84–094–CR.

Court of Appeals of Texas, Fort Worth.

June 20, 1985.

Hendricks & Parker, George Parker and William L. Schultz, McKinney, for appellant.

H. Ownby, Dist. Atty., and Roger V. Dickey, Asst. Dist. Atty., McKinney, for state.

Before ASHWORTH, HOPKINS, JJ., and W.A. HUGHES, Jr. (Retired) (sitting by assignment).

## OPINION

ASHWORTH, Justice.

A jury convicted appellant of the offense of unauthorized use of a motor vehicle and set his punishment at eight years confinement in the Texas Department of Corrections. TEX.PENAL CODE ANN. sec. 31.-07 (Vernon 1974).

We find there was error in the instructions of the court's charge and reverse and remand the cause to the trial court.

We will briefly review the testimony and evidence presented at the trial of the cause.

Tommy Maxwell, a security guard for Joe Griffin Oldsmobile, Plano, Texas, testified that on the night of April 27, 1983, he discovered that the offices of the business had been broken into by the removal of a sliding glass patio door. He notified Earl Powell, who was the assistant manager of the business, and also the Plano Police Department. Powell arrived at the busi-

ness shortly after receiving the telephone call from Maxwell. Powell noticed that a set of keys was missing from a board but could not tell which car was involved without an inventory. Sometime later that night, a 1982 white Oldsmobile was towed to the premises of the business. Powell recognized the automobile as being one belonging to a Mr. Swartz which was being held on the lot for sale as a used car. Powell testified that he had given no one authority to use the automobile on the night in question.

Ron Smitheart, a sergeant with the Plano Police Department, testified that on the night of April 27, 1983, he observed a white vehicle in the area of a Texaco station and garage in Plano. Smitheart could observe an occupant even though the car's lights were not turned on. As Smitheart neared the white vehicle in his police car, the car lights were turned on and the occupant was apparently trying to make a speedy exit from the area. Smitheart displayed the lights on his patrol car and the white automobile then stopped. Appellant was the occupant and driver of the car and at first told Smitheart that the car belonged to him, but then stated that he had borrowed the car from a friend. Smitheart detained appellant while he radioed in for a check of appellant's driver's license and discovered that there were two outstanding warrants for appellant by the City of Fort Worth for traffic violations. Apparently, while this check was being made, Smitheart received notice by radio that Joe Griffin Oldsmobile had been burglarized. The registration of the white automobile had expired and Smitheart ascertained by radio from Officer Dominguez, who investigated the burglary, that the license number of the car occupied by appellant was apparently the same as that of the automobile which had been taken from the Oldsmobile dealership.

Appellant testified that on the day in question he had worked as an electrician at a warehouse site in the Plano area. He worked until about 8:45 p.m. and then went to a Denny's restaurant for his supper. By chance he met an acquaintance, Stewart Marshall, who was present in the establish-

ment with his girlfriend. The three of them ate together and then went to a club in the area for some beers. They left Denny's in the girlfriend's pickup, leaving appellant's pickup parked near the restaurant. After drinking two beers each, they went to the Texaco station where the white Oldsmobile was parked. Marshall stated the car was his and requested that appellant drive the car back to Denny's and leave it there. Marshall would then pick it up the next morning after spending the night with his girlfriend. Appellant reluctantly consented and Marshall gave him the keys to the vehicle.

The car was a diesel vehicle and appellant was sitting in the vehicle waiting for the ignition system to warm up when he was approached by Smitheart. Appellant testified that he was not trying to flee the area but was apprehensive about being stopped since he was on probation at that time.

Appellant's first two grounds of error allege that there was insufficient evidence to show that the automobile appellant was driving was identical to the one alleged in the indictment and that there was insufficient evidence to prove that Earl Powell was the owner of the 1982 Oldsmobile described in the indictment.

 In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on rehearing). A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson v. Virginia,* 443 U.S. 307, 317–18, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1974). Thus, it follows that a conviction based on circumstantial evidence cannot be sustained if

the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Jackson*, 672 S.W.2d at 803.

Keeping in mind the principles which must be followed concerning appellant's first two grounds of error, we will review the pertinent evidence.

When Powell arrived at the Oldsmobile business house, he noted that a set of keys was missing; he did not have time to determine which particular car had been taken until the white Oldsmobile was towed back to the establishment later that same night. In his testimony, Smitheart referred to the automobile occupied by appellant as being a white automobile. However, Smitheart did state that the license plate of the car occupied by appellant had the same number as that of the car which had been taken from the Oldsmobile dealership. Appellant testified that the automobile he occupied was a 1982 diesel Oldsmobile Delta 88. Appellant was charged with "intentionally and knowingly operate a motor vehicle, namely: a 1982 Oldsmobile automobile without the effective consent of Earl Powell, the owner thereof." Reviewing the testimony stated above and keeping in mind the principles to be observed in such review, we hold that the evidence was sufficient to show that a 1982 Oldsmobile automobile was occupied by appellant and that this same automobile had been taken without authority from the possession of Earl Powell on the occasion in question. Appellant's first two grounds of error are overruled.

In ground of error three appellant contends the trial court committed fundamental error in instructing the jury incorrectly on the law concerning recent unexplained possession of stolen property. Ground of error four contends error in the instruction of the jury charge on recent unexplained possession of stolen property in the trial of unauthorized use of a motor vehicle. Ground of error five contends fundamental error in the jury charge instruction on the law of recent unexplained possession.

Appellant was tried only for the offense of unauthorized use of a motor vehicle. The court in its charge provided as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 27th day of April, 1983 in Collin County, Texas, the defendant, WILLIAM ALLEN BLAKELEY, JR., did intentionally or knowingly operate a motor vehicle, to-wit: a 1982 Oldsmobile automobile, without the effective consent of EARL POWELL, the owner thereof, then you will find the defendant guilty as charged.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

That portion of the court's charge which is the subject of appellant's last three grounds of error is as follows:

You are further instructed that as a part of the law in this case, it shall be presumed that any person who is in possession of recently stolen property knew or should have known that the property was stolen or acquired it through the commission of the offense charged, however, presumption must be proven as follows:

(A) the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) if such facts are proven beyond a reasonable doubt, you may find that the element of the offense sought to be presumed exists, but you are not bound to so find;

(C) even though you may find the existence of such element, the State must prove beyond a reasonable doubt, each of the other elements of the offense charged; and

(D) if you have a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and you shall not consider the presumption for any purpose.

It is noted that the court instructed the jury that if a person is in possession of recently stolen property, *it shall be presumed* the person either knew it was stolen, should have known it was stolen, or stole it himself. Such an instruction is not the law of the State of Texas. A fact finder may make such reasonable inferences as logically flow from a particular set of circumstances. In considering all circumstances surrounding the possession, it might be permissible to infer that a person who is in the exclusive possession of property which has been recently stolen and makes no explanation of such possession, has stolen such property, or knows that it was stolen or should know that it was stolen. The fact of exclusive, unexplained possession of recently stolen property is just one factor to be considered before an inference is justified. This court recently made an extensive and comprehensive review of the law as it pertains to a presumption or inference of guilt by reason of unexplained possession of recently stolen property. *Roberts v. State,* 672 S.W.2d 570 (Tex.App.—Fort Worth 1984). We held there that to give such an instruction to a jury is error. *See also Hardesty v. State,* 656 S.W.2d 73 (Tex.Crim.App.1983); *Scott v. State,* 10 Tex.Crim. 113, 36 S.W. 276, 277 (1896).

In the present case even though there was no objection to the charge at the time of trial, it was fundamental error for the instruction complained of to be included. In addition, even if it had been permissible to give an instruction on inference by reason of possession, the instruction given amounted to a mandate to the jury and was clearly erroneous. Examining the record as a whole, the error in the court's charge created such harm that appellant was not afforded a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1985). Appellant's grounds of error three, four and five are sustained.

The judgment of the trial court is reversed and the cause is remanded for a new trial.