Freeman v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-148-CR

     FLOYD FREEMAN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 12,578-85
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Floyd Freeman guilty of theft between $200 and $10,000 and assessed
punishment at five years. In his single point of error, Freeman contends that the evidence was
insufficient to sustain the conviction. We affirm.
      On October 24, 1978, at about 3:00 a.m., a load of shingles was delivered to the home of
Helen Walker at 1701 West 17th Street in Bryan, Texas. Mrs. Walker testified that James Densey
delivered and unloaded the shingles at her house that morning and was helped by three or four
black men.
      Edwin Portier, Jr., the construction superintendent at the Woodstone Commerce Center in
College Station, Texas, testified that some "Bird Architect" shingles, lumber, plywood, and rough
cedar were missing from the construction site. That same day Detective Gary Norton of the
College Station Police Department took Portier to Mrs. Walker's house. Portier identified the
shingles in Mrs. Walker's garage as those stolen from the construction site.
      Edwin Myles testified that he, his brother, James Densey, and Freeman rode in a truck pulling
a damaged trailer full of shingles to Mrs. Walker's house. Myles, Densey, and Freeman unloaded
the shingles from the trailer into the garage. The men left the house and went to a vacant lot to
unhook the damaged trailer. 
      Officer Cuthbertson stated that about 3:20 a.m. he approached three black males, who
included Myles and Freeman, at the vacant lot next to the truck and flatbed trailer that still
contained six sheets of plywood. Cuthbertson asked Freeman where he lived and what he was
doing in the lot. Freeman said that he had just brought in some construction materials from a job
site in Houston and was delivering them to Bryan under the direction of Mr. Howard of Butler-Howard Construction Company. He went on to give Cuthbertson a false home address in
Houston. 
      J.C. Howard testified that Freeman worked for him on October 24, 1978. He further stated
that he did not authorize Freeman to bring six sheets of plywood from Houston. Howard also said
that Freeman lived in Navasota.
      Officer Nolan Metz testified that around 6:00 a.m. on October 24, 1978, he followed scrape
marks made by a damaged trailer from FM 60 east to the Woodstone Shopping Center. At
Woodstone the officer saw several sheets of plywood scattered at the exit of the shopping center
that appeared to have fallen off a vehicle. Cuthbertson also saw scrape marks on West 17th Street
in front of Mrs. Walker's house that morning and scrape marks left by their trailer from the vacant
lot to Mumford Road where the trailer was abandoned.
      Freeman contends that there was not sufficient evidence to sustain his conviction. A jury may
infer that a defendant committed theft if that defendant is found in possession of property recently
stolen. Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). The defendant must give
no reasonable explanation showing honest possession of the property for this inference of guilt to
be drawn. Id. at 77. However, if the defendant does offer a reasonable explanation when first
confronted, the State can rebut the reasonableness of his explanation by offering evidence that his
explanation was false. Callahan v. State, 502 S.W.2d 3, 6 (Tex. Crim. App. 1973). Whether a
defendant's explanation for possession of property is reasonable is a matter to be determined by
the fact finder, and the jury is not required to accept the explanation offered. Musgrave v. State,
608 S.W.2d 184, 188 (Tex. Crim. App. 1980).
      In the present case, Freeman was in possession of the stolen shingles the morning of October
24, 1978. Freeman helped unload the shingles at Mrs. Walker's house. After the shingles were
unloaded, Freeman was seen by Officer Cuthbertson in possession of six sheets of plywood. 
Furthermore, Freeman's statements of what he was doing and where he lived were successfully
rebutted by the State.
      In reviewing the sufficiency of the evidence on appeal, we must determine "whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt." See Dickey v. State,
693 S.W.2d 386, 387 (Tex. Crim. App. 1984) (quoting Jackson v. Virginia, 443 U.S. 307, 319,
n.12, 99 S.Ct. 2781, 2789, n.12, 61 L.Ed. 560 (1979). We find that any rational trier of fact
could have found the essential elements beyond a reasonable doubt. We overrule the point.
      We affirm.

                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 13, 1993
Do not publish