# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-10653
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE OLIVAS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-14-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Olivas pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 105 months of imprisonment and two years of supervised release. Olivas argues that the district court erred in applying a four-level upward adjustment for possessing a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6). He contends that because there is no evidence that he is the "Mexican Joe" identified by the confidential informant (CI), there is no evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he had actual knowledge that the firearms in his possession were stolen. He also argues that even if he was "Mexican Joe," it does not follow that he had knowledge that the firearms were stolen. He contends that the presentence report provided no basis for the CI's information that the firearms were stolen. He notes that the Texas theft statute, Texas Penal Code § 31.03, requires actual subjective knowledge that the property is stolen. He contends that there is neither direct nor circumstantial evidence that he had actual knowledge that the firearms were stolen. He contends that the district court's finding was based on a questionable chain of inferences, not on any facts in the record, and so it is clearly erroneous.

After *Booker*, this court continues to review a district court's interpretation and application of the guidelines *de novo* and its findings of fact for clear error. *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). In determining whether a guideline enhancement applies, a district court is allowed to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

Olivas is correct that the law requires actual subjective knowledge that the property is stolen for a conviction under § 31.03(b)(2). *See Naranjo v. State*, 217 S.W.3d 560, 571 (Tex. Ct. App. 2006). However, under Texas law, evidence that the defendant was in possession of recently stolen property, without a reasonable explanation, gives rise to a permissible inference of guilt. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). Although it is not sufficient proof of theft in itself, "evidence of 'unexplained possession of recently stolen property' may nonetheless be a circumstance to be considered in a sufficiency analysis." *Naranjo*, 217 S.W.3d at 571 (citation omitted).

Olivas does not explain why he was in possession of stolen firearms. It was rational for the district court to infer guilty knowledge from Olivas's unexplained possession of the stolen firearms. While such an inference in itself

is not sufficient proof for a theft conviction under the beyond a reasonable doubt standard, the standard of proof at sentencing is a preponderance of evidence. *United States v. Williams*, 517 F.3d 801, 808 (5th Cir. 2008). Based on the permissible inference drawn from Olivas's unexplained possession of stolen firearms, together with the corroborated information from the CI, we conclude that the district court's finding is plausible in light of the record as a whole and is not clearly erroneous. *See Caldwell*, 448 F.3d at 292.

AFFIRMED.