**AFFIRM Opinion Filed July 3, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00234-CR
No. 05-12-00235-CR
No. 05-12-00236-CR
No. 05-12-00237-CR
No. 05-12-00238-CR
No. 05-12-00239-CR

## ROBERT DOUGLAS GINTER, Appellant
V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 199-81522-10; 199-81898-10;**
**199-81899-10; 199-81900-10; 199-81901-10;199-81902-10**

### MEMORANDUM OPINION
Before Justices O'Neill, Francis and Fillmore
Opinion by Justice Francis

Robert Douglas Ginter was charged in six multi-count indictments with possession of child pornography. Appellant pleaded not guilty and, following a bench trial, was convicted on all charges and sentenced to concurrent twenty-year prison terms. In his sole issue, appellant contends the evidence was legally insufficient to prove he was the person that possessed the illegal materials. We affirm.

In 2009, appellant moved back into the home of his parents, Joseph and Rhonda Hrabchak, after being away for several years. Appellant set up a temporary bedroom in an open

loft area upstairs that was accessible to the entire family. The area was located between the bedrooms of his two younger brothers, Andrew and Brandon. Brandon suffered from cerebral palsy.

Sometime after appellant moved in, Rhonda discovered a virus on the family desktop computer upstairs. Joseph was able to eliminate the virus from the computer, but the problem recurred weeks later. Joseph again removed the virus. When the virus returned a third time, Joseph searched the computer to try to determine where the virus was coming from and found pornography had been downloaded onto the computer. Some of the images depicted a "younger child." Joseph installed tracking software which showed appellant was the person responsible for visiting the pornographic websites. Both Joseph and Rhonda confronted appellant, but he denied going to the sites.

Sometime after that incident, appellant's parents bought him a laptop computer. Only appellant used the computer. The computer was password-protected, and no one in the family knew the password except appellant. Appellant's parents told Andrew they did not want him using appellant's laptop; Brandon did not have the capability of using the computer.

In June 2010, Plano Police Detective Jeff Rich used computer forensic tracking software to locate an Internet Protocol (IP) address sharing files that appeared to be known images of child pornography through the peer-to-peer sharing network, Limewire. Rich explained he matched the "hash values" of the files being shared to hash values assigned to known child pornography files maintained in a law enforcement database. Rich said the address was sharing 239 files over a peer-to-peer network; of the 239 files, 45 had values matching ones known to be child pornography.

With this information, Rich obtained a court order for Verizon Internet Services and was able to track the IP address to appellant's mother. Rich then obtained a warrant to search for suspected child pornography at the address provided by Verizon. Rich and several other officers executed the search warrant at the Hrabchak house. When the police arrived, appellant ran out the back door and was later apprehended. As part of his search, Rich seized three computers from the Hrabchak house, including appellant's personal laptop. At the police station, Rich used computer forensic software and located both stored and deleted files containing child pornography images and videos on appellant's laptop. No child pornography was found on the other seized computers.

In reviewing a challenge to the legal sufficiency of the evidence, we examine the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 US 307, 319 (1979). The factfinder exclusively determines the weight and credibility of the evidence. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). This standard is the same for both direct and circumstantial evidence. *Id*. For the evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *Id*. Rather, a court considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict. *Id*.

A person commits possession of child pornography if he "knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct" and he "knows that the material depicts the child" in this manner. TEX. PENAL CODE ANN. § 43.26(a) (West Supp. 2012). A

person possesses a thing when he exercises actual care, custody, control, or management over the thing. *Id.* § 1.07(a)(39) (West Supp. 2012). A person acts "intentionally" or with intent "with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id*. § 6.03(a) (West 2011); *Wise*, 364 S.W.3d at 903. A person acts knowingly or with knowledge of the nature of his conduct or circumstances "when he is aware of the nature of his conduct or that the circumstances exist." *Id*. § 6.03(b). Proof of a culpable mental state almost invariably depends upon circumstantial evidence. *See Hernandez v. State,* 819 S.W.2d 806, 810 (Tex. Crim. App. 1991)¸*overruled on other grounds by Fuller v. State*, 829 S.W.2d 191 (Tex. Crim. App. 1992). A trier of fact can infer knowledge from all the circumstances, including the acts, conduct, and remarks of the accused. *See Dillon v. State,* 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978).

On appeal, appellant claims this evidence is legally insufficient to prove he was the person responsible for the child pornography found on his computer. He argues the State did not exclude the possibility that another individual could have put the child pornography on appellant's computer, relying on evidence that the computer was accessible to other people in the house and had previously been pawned. As support, he relies on *United States v. Moreland*, 665 F.3d 137, 151-54 (5th Cir. 2011), where the Fifth Circuit reversed a conviction because the evidence was insufficient to show the defendant had knowledge or possession of child pornography found on his computer where two other people had access to the computer and knew the defendant's username and password.

*Moreland* is distinguishable. The evidence in this case shows the laptop containing the child pornography was registered under the user name "Robert" and was password-protected. No one else in the household other than appellant knew the laptop's password, and no one else in

the household used the computer except for appellant. Andrew had been instructed not to use the computer, and Brandon could not access a computer and download files. Additionally, the child pornography found on the computer was specifically stored under appellant's user name, Robert.

In addition to this evidence, there was other circumstantial evidence linking appellant to the illegal materials. Child pornography was discovered on the family computer after appellant moved back into the home. Tracking software was installed on the computer and indicated appellant was the person responsible. Also, appellant's father testified that before appellant moved in, there was no child pornography discovered in the household. After appellant had his own laptop, no more child pornography appeared on the desktop. Finally, when the police executed the search warrant at appellant's residence, appellant attempted to flee through the back door. *See Hardesty v. State*, 656 S.W.2d 73, 78 (Tex. Crim. App. 1983) (explaining that flight can be used as a circumstance of guilt).

Considering all the evidence, we conclude it is legally sufficient to establish beyond a reasonable doubt that appellant was the person who intentionally and knowingly possessed images of child pornography on his computer. We overrule the sole issue.

We affirm the trial court's judgments.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120234F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT DOUGLAS GINTER, Appellant

No. 05-12-00234-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-81522-10.
Opinion delivered by Justice Francis;
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered July 3, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

ROBERT DOUGLAS GINTER, Appellant

No. 05-12-00235-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-81898-10.
Opinion delivered by Justice Francis;
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 3, 2013

/Molly Francis/

MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT DOUGLAS GINTER, Appellant

No. 05-12-00236-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-81899-10.
Opinion delivered by Justice Francis;
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 3, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT DOUGLAS GINTER, Appellant

No. 05-12-00237-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-81900-10.
Opinion delivered by Justice Francis;
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 3, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

ROBERT DOUGLAS GINTER, Appellant

No. 05-12-00238-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-81901-10.
Opinion delivered by Justice Francis;
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 3, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT DOUGLAS GINTER, Appellant

No. 05-12-00239-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-81902-10.
Opinion delivered by Justice Francis;
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 3, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE