Gary Wayne BROWNING, Appellant,

v.

The STATE of Texas, Appellee.

No. 0245–85.

Court of Criminal Appeals of Texas, En Banc.

Sept. 17, 1986.

the Kon Tiki Bar. It was through this number the police were able to locate appellant.

James K. Johnson, Lawrence B. Mitchell (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty. and Michael A. Klein, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of burglary of a habitation and after proof of one prior conviction his punishment was assessed at twenty years' confinement. The trial court in its charge on guilt/innocence instructed the jury that, "Our law provides that the act of breaking and entering at nighttime raises a presumption that the act was done with the intent to commit theft. Such presumption is rebuttable." Appellant's objection to this portion of the charge was overruled. In an unpublished opinion the Dallas Court of Appeals held that this statement in the charge "is a substantially correct statement of the current Texas law," and affirmed the conviction. *Browning v. State*, No. 05–83–01098–CR (Tex.App.—Dallas, delivered January 11, 1985). We granted appellant's petition to review this holding of the court of appeals.

Initially this Court refused review of the court of appeals' decision. On motion for rehearing after petition for discretionary review was refused, however, appellant pointed out that since the filing of his petition a different panel of the same court of appeals had reached the opposite result on the same question presented in appellant's appeal. *Shockley v. State*, 695 S.W.2d 754 (Tex.App.—Dallas 1985) (PDR pending). We therefore granted review pursuant to Tex.Cr.App. Rule 302(c)(5).

Appellant's contention is that the jury could have inferred intent to commit theft from the nighttime entry into the dwelling, but that it was error to instruct the jury that the law provides such a presumption. For the first time the State argues this error, if error, has not been preserved because appellant's ground for review does not comport with the objection made in the trial court. We disagree.

Appellant made an oral pretrial motion in limine asking that the State not be allowed to instruct the jury that intent to commit theft could be presumed if entry was made into the habitation at night. Appellant's counsel explained that appellant had been indicted for burglary with the intent to commit theft, so that that specific intent was an element of the offense. "... [T]hat is a basic element of which they [the State] have the burden of proof to show the jury beyond a reasonable doubt, and unless they demonstrate by that evidence beyond a reasonable doubt that the entry was made

with the intent to commit the crime of theft, then they are not entitled to a conviction. And I would object to them telling the jury that when a person enters a habitation at nighttime, or any other time, that the intent to commit the crime of theft is presumed, because that is not a proper statement of the law." Appellant further stated, "That's a legal presumption, Judge, and not one that you instruct the jury on." The trial court denied this requested motion in limine.

When attorneys for the State did begin to explain this so called "presumption" to the jury panel during voir dire, appellant objected, on the basis of his pretrial motion. His objection was overruled. Finally, appellant objected to this portion of the court's charge on the basis that it was "not a correct statement of the law and that it is a comment on the weight of the evidence." Again his objection was overruled. By that time both the State and the trial court had been amply informed of the basis for the objection.

■ In the court of appeals appellant argued, "The charge in the instant case misstates the law and would have permitted the jury to convict appellant without finding each and every element of the State's case to be true beyond a reasonable doubt." This is the same argument made to the trial court. The counterpoint of the State is that the charge is correct. In this Court appellant argues, "The instruction complained of herein misstated the law and permitted the jury to convict Appellant upon the finding of less than all of the elements of the State's case beyond a reasonable doubt. Such a charge is fundamentally defective for failure to require the State to prove each and every allegation of a material element of the offense." This is virtually identical to the argument made to the court of appeals. It is true that in this Court appellant cites cases that were not available to him in the trial court and the court of appeals, as shall be shown *post,* but the basis for appellant's objection has remained the same, that the instruction lessened the State's burden of proof. Ac-

cordingly, we find the belated argument advanced by the State is without merit.

Furthermore, we granted appellant's petition in order to review the decision of the court of appeals, Art. 44.45, V.A.C.C.P., which held only that the instruction given in the charge was a correct statement of law. To that holding we now turn.

The court of appeals' opinion in this case was delivered January 11, 1985. The court was apparently, and understandably, unaware of this Court's opinion in *Aguilar v. State,* 682 S.W.2d 556 (Tex.Cr.App.1985), delivered only two days earlier. In *Aguilar,* supra, Judge Miller stated for the Court, "The 'presumption' of intent to commit theft arising from non-consensual nighttime entry is an appellate vehicle employed to review the sufficiency of the evidence, not a trial vehicle used to prove an element of the State's case." *Id.* at 558 (footnote omitted). Except in consideration of a motion for instructed verdict or new trial for insufficiency of evidence, this inference of intent to commit theft is not a trial level presumption. As Judge Miller explained concerning another so called presumption in *Hardesty v. State,* 656 S.W.2d 73 (Tex.Cr.App.1983) (the "presumption" of guilt of theft arising from unexplained possession of recently stolen property), this is only a permissible inference. It is not conclusive, nor does it shift the burden of proof, as a true presumption would do. *Id.* at 77. Appellant's entry into a habitation at night is simply a circumstance perhaps indicating guilt, from which the jury may or may not infer an intent to commit theft. The State still has the burden of proving that element of the offense, circumstantially or otherwise.

When this issue again came before the Dallas Court of Appeals, in *Shockley,* supra, the court held, "Following *Aguilar,* we hold that the presumption of intent to commit theft arising from non-consentual [sic] nighttime entry is intended solely as a guide for appellate consideration to determine sufficiency of the evidence to sustain a conviction and is not to be given in a charge to the jury." *Id.* at 756. The court

also cited the Fort Worth Court of Appeals' opinion in *Roberts v. State*, 672 S.W.2d 570 (Tex.App.—Fort Worth 1984) (also dealing with the deduction of guilt of theft arising from unexplained possession of recently stolen property). That court held the giving of a charge on such a presumption is error. Such a charge in effect tells the jury the minimum amount of evidence from which they may find an element of the offense; i.e., the intent to commit theft. But that is something for the jury itself to decide. Giving such an instruction is "inescapably a comment on the weight of the evidence." *Id.* at 579.

The State argues that the "presumption" is well founded in Texas law, citing a long line of cases applying its logic, e.g., *Mauldin v. State*, 628 S.W.2d 793 (Tex.Cr.App. 1982); *Alexander v. State*, 31 Tex.Cr.R. 359, 20 S.W. 756 (Tex.Cr.App.1892). This argument, however, misses the point.

In *Mauldin,* supra, the defendant claimed it had been error for the prosecutor to argue to the jury that they could make such an inference. This Court found no error, noting that "we cannot conclude that the prosecutor was in fact telling the jury that the presumption was in fact the law." *Id.* at 795. When this argument comes from the State's attorney in the form of a suggested inference, it is merely a request for the jury to make a reasonable deduction from the evidence. *Mauldin,* supra, at 795. Defense counsel could argue other plausible inferences, such as that because no property in the house was disturbed, appellant hadn't entered with the intent to steal.

The trial court in the instant case, by contrast, *instructed* the jury that, *"Our law provides* that the act of breaking and entering a habitation at nighttime raises a presumption that the act was done with the intent to commit theft ..." (emphasis added). In any given case the jury could make any number of reasonable inferences. But

when the trial court, the only source of law the jury has, picks out only one such inference and instructs the jury that that one, though rebuttable, is a presumption provided by law, the court gives the force of law to that one possible inference. In fact neither statute nor caselaw * provides such a "presumption" at the trial level. Instructing the jury that it does constitutes, in effect, a comment on the weight of the evidence. We do not hold that the jury may not make such an inference, nor that an appellate court in reviewing the sufficiency of the evidence may not assume that the jury made such a reasonable inference. The error lies in *instructing* the jury that they may apply such an inference.

■ Briefly, the facts of the instant case showed that the complaining witness woke at approximately one o'clock in the morning to find appellant in his house. Appellant was carrying nothing and after he fled the complainant found no property missing. Appellant testified that the night of the offense he had gotten drunk for only the second time in his life and the next day remembered nothing of his entry into the house. He did not deny he had done so. He did deny any intent to commit theft. This was the most hotly contested issue of the trial. After charging the jury on the "presumption" of intent to commit theft, the trial court also instructed the jury under § 2.05, V.T.C.A. Penal Code, on how to apply a presumption. Finally the jury was instructed:

> "If it is proven to you beyond a reasonable doubt that the said defendant did break and enter the building in question on the occasion in question at nighttime, the defendant's intent to commit theft may be presumed from these facts, but you are not bound to so find."

The jury was instructed that though they were not bound to so find, they *could* find appellant's intent to commit theft by finding only that he had entered the home at

---

* In each case cited by the State the "presumption" was relied on only by the appellate court in reviewing the sufficiency of the evidence. The *jury* does not seem to have been charged on the

"presumption" of intent to commit theft in any of the cases; certainly the giving of such an instruction was *not in issue, as it is here.*

night, a fact appellant did not dispute. The jury was instructed, in other words, that they could ignore appellant's defensive evidence altogether. In giving such an instruction the trial court improperly commented on the weight to be given to each party's evidence.

■ Finally the State argues that this error was harmless because there was other evidence in the case to prove appellant's intent to commit theft. We remand to the court of appeals to decide whether appellant has sustained "some harm" as a result of the objected-to error in the court's charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1985).

The judgment of the court of appeals is vacated and the cause is remanded to that court.

TEAGUE, Judge, concurring and dissenting.

Although I cannot agree with all that the majority opinion states, which causes me to write, I do agree with its conclusion that the trial court erred in instructing the jury on the non-statutory presumption of intent arising from non-consensual nighttime entry into a habitation. However, given the record of this cause, I am compelled to dissent to the majority opinion's holding that this cause should be remanded to the Dallas Court of Appeals, for it "to decide whether appellant has sustained 'some harm' as a result of the objected-to error in the court's charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1985)." In the immortal words of former President Harry S. Truman, "The Buck Stops Here," and this Court, not the Dallas Court of Appeals, should be addressing that issue. I find that what this Court does by remanding this cause to the court of appeals represents nothing less than this Court engaging in a form of appellate "ping pong justice," which I find despicable. Given the record of this cause, I do not believe that there is any way that any rational appellate court judge could conclude that the appellant was harmed by the error in the charge

to the extent that he was deprived of or denied a fair trial.

What caused the trial judge in this cause to give the complained of instruction perhaps lies in the fact that this Court has in the past used the term "presumption" rather loosely in some of its opinions, although a reading of those cases where the term has been invoked and applied in a non-statutory setting makes it obvious to me that its usage was intended only to mean the drawing of a permissible inference from the facts of the case, and was not used in the sense of a true presumption. See the discussion in *Aguilar v. State*, 682 S.W.2d 556 (Tex.Cr.App.1985); *Hardesty v. State*, 656 S.W.2d 73 (Tex.Cr.App.1983).

The portion of the charge about which complaint is made in this cause is as follows: "If it is proven to you beyond a reasonable doubt that the said defendant did break and enter the building in question on the occasion in question at nighttime, the defendant's intent to commit theft may be presumed from these facts, but you are not bound to so find."

However, the trial judge in this cause did not stop there but also instructed the jury pursuant to V.T.C.A., Penal Code, Section 2.05, which provides: "When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may

find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose."

There should be no question that the above instructions should not have been given in this cause because there is nothing in our burglary statute or the penal code that might reflect or indicate that such a presumption gives rise to proof of intent to commit the offense of burglary. See V.T. C.A., Penal Code, Section 30.02. Apparently, this type instruction is unfortunately now in vogue in Dallas County. See *Shockley v. State*, P.D.R. number 1009–85; *La Point v. State*, P.D.R. number 0227–86, presently pending before this Court.

Judge Clinton, the author of the majority opinion, states that the above instructions permitted the jury to "ignore appellant's defensive issue altogether. In giving such an instruction the trial court improperly commented on the weight to be given to each party's evidence." I am unable to agree with his first statement, although I do agree with his latter statement.

The above presumption that was given in this cause is not a "true" presumption, but is one that is usually used by appellate courts to view and establish the sufficiency of the evidence. See *Aguilar*, supra, and *Hardesty*, supra.

"[Statutory] presumptions, in criminal jurisprudential parlance, are usually said to be either mandatory or permissive. The distinction between the two is usually seen in the respective effect each has. A permissive presumption allows, but does not require, the trier of fact to infer the elemental or ultimate fact from the proof offered. It places no burden on the accused.

A mandatory presumption, on the other hand, directs that the elemental or ultimate fact must be found upon proof of the basic fact, unless the accused presents evidence to rebut the presumption ... A mandatory presumption is per se violative of the due process rights of the accused, because it impermissibly shifts the burden of proof from the prosecution to the appellant ... However, even a permissible presumption may be in violation of the accused's due process rights if there is no rational connection between the fact proved and the ultimate fact presumed, or if the inference of the one from proof of the other is arbitrary because of a lack of connection between the two in common experience ..." *Hall v. State*, 661 S.W.2d 101, 104 (Tex.Cr. App.1983) (Teague, J., concurring opinion.)

The questions that must be answered are whether the placing of the presumption and the provisions of Section 2.05 into the charge merely specified to the jurors the procedural consequences of what their good common sense already allowed them to infer, namely, from his unlawful entry the jurors could have inferred that the appellant had the intent to burglarize the residence, Cf. *Wilson v. State*, 658 S.W.2d 615 (Tex.Cr.App.1983); *Goswick v. State*, 656 S.W.2d 68 (Tex.Cr.App.1983); *Coberly v. State*, 644 S.W.2d 734 (Tex.Cr.App.1983), or whether the presumption was a mandatory one.

Judge Clinton concludes that all of the above instructions amounted to an instruction to the jury that "they could ignore appellant's defensive evidence altogether." In sum, he has construed the "presumption" instruction that was given to be a mandatory presumption instruction. I disagree, although I do agree that none of the instructions should have been given in the first place. In all due respect to Judge Clinton, when read as a whole, the charge did not tell the jury to "ignore appellant's defensive evidence altogether." After carefully reading the record, I am at a loss to understand what defensive evidence the appellant presented. The appellant's testimony did not challenge the inference that

when he unlawfully entered the habitation he had the intent to commit theft; his "defensive" testimony only went to the fact that he now does not remember what happened that night because he consumed too much alcohol, i.e., amnesia caused by consuming too much of the grape. Taking all of the instructions together, it appears to me that the jury was only told what its good common sense permitted it to do in the first place.

The facts of this case reflect that while asleep in bed with her husband, the complainant awoke and saw a person who was later identified as the appellant standing in the bedroom. The complainant awakened her husband, who immediately retrieved a weapon that he kept under the mattress. Soon thereafter, the husband and the appellant got into a scuffle over possession of the weapon, which battle the husband won. When asked by the husband what he was doing in his residence, the appellant responded: "I need money."

The appellant's version of what happened is that because he had gotten so drunk that night he could not recall what had happened that night. A psychiatrist testified that the appellant was suffering from "amnesia caused by idiosyncratic intoxication," i.e., an abnormal physiological reaction to alcohol.

The trial court charged the jury, inter alia, on the elements of burglary of a habitation and further instructed it that before it could find the appellant guilty it had to find "from the evidence beyond a reasonable doubt that the entry, if any, in the habitation was so made with the intent to commit the specific crime of theft." The charge then told the jury about the elements of theft, defined the terms "intentionally" and "knowingly", and then gave the presumption instruction, as well as applying in principle the provisions of Section 2.05, supra. The jury also was instructed on the lesser included offense of criminal trespass. Viewing the charge as a whole, I find that given the instructions as provided by Section 2.05, supra, the instruction on the "presumption" only amounted to a per-

missive inference instruction, and was not a mandatory presumption instruction. Again, the instructions should not have been given.

Probably since Adam and Eve constructed man's first habitation, or at least since common-law times, any rational person from accumulated common experience may draw from facts which establish that a person unlawfully went inside of the residence of another at nighttime the inference that he did so with the intent to steal. The only other possible reasonable inference that might be drawn from such facts is that such a person is hellbent on committing suicide. The use of the term "presumption", rather than the term "inference", does not alter this age-old belief. Cf. *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973) (Presuming knowledge from unexplained possession of recently-stolen goods no violation of the Fifth Amendment, especially when the jury was told explanation could come from other sources.)

In this instance, the erroneous instruction did not relieve the State from proving all the elements of the offense. Again, the "presumption" instruction was not a "conclusive" or "mandatory" presumption instruction, as the majority opinion makes it out to be. The presumption instruction merely stated the obvious, that a person who enters a habitation at night without the consent of the owner does so with the intent to commit theft. By applying the provisions of Section 2.05, supra, the court's instruction to the jury made it clear to the jury that the "presumption" was actually a permissive inference that it was free to draw from the facts of the case. Cf. *Boone v. State*, 689 S.W.2d 467 (Tex.Cr. App.1985).

In *Almanza v. State*, supra, a majority of this Court held that if there was objected-to error in the charge, "then reversal is required if the error is 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly

preserved by objection will call for reversal as long as the error is not harmless ... [T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." Having applied that test to the error that occurred in the jury charge in this case, I am unable to state that the error was "calculated to injure the rights of the defendant," or deprived and denied him a fair trial on the merits of the case.

In summary, the trial judge in this cause erred by giving the above complained of instructions, but the error was not reversible error. I would affirm the judgment of the court of appeals.

McCORMICK, J., joins.