**Anthony Fitzgerald TURNER,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 551–85.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 26, 1986.

Allen C. Isbell (on appeal only), Houston, for appellant.

Michael J. Guarino, Dist. Atty., and Miguel Martinez and Susan W. Burris, Asst. Dist. Attys., Galveston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of burglary of a habitation. The jury made an affirmative finding that appellant exhibited a deadly weapon during the commission of the offense. The Court assessed punishment at 25 years' confinement in the Texas Department of Corrections.

Appellant contended before the Court of Appeals and contends now in his petition for discretionary review, that the trial court's charge contains fundamental error because it includes an instruction that the law presumes an intent to commit theft if one enters a habitation at nighttime. The Houston [First] Court of Appeals mischaracterized appellant's contention stating that the issue presented was whether the trial court committed fundamental error in giving a charge under V.T.C.A. Penal Code, § 2.05.[1] The Court of Appeals found that no fundamental error was presented in instructing the jury on § 2.05. Appellant's contention as to the error of instructing on the specific, above-mentioned presumption was not addressed. *Turner v. State*, 688 S.W.2d 698 (Tex.App.—Houston [1st Dist.] 1985).

We granted appellant's petition for discretionary review to determine whether it is fundamental error to instruct the jury that the law presumes that a person who enters a habitation in the nighttime has the intent to commit theft.

The Court of Appeals did not have the benefit of our recent opinion finding such instruction to be error. *Browning v. State*, 720 S.W.2d 504 (1986). Therefore, in light of *Browning,* supra, we remand this case to the Court of Appeals to decide by review of the entire record whether this unobjected-to error in the court's charge

---

1. V.T.C.A., Penal Code, § 2.05 states:

When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

resulted in "egregious harm" to appellant. See *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984).

The judgment of the Court of Appeals is vacated and the cause is remanded to that court.

ONION, P.J., and TEAGUE, J., dissent to the remand.