Robert Sharpe **PENNOCK, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. **01–85–00553–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 29, 1987.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Calvin A. Hartmann, Jim Lindeman, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before LEVY, DUGGAN and DUNN, JJ.

## OPINION

LEVY, Justice.

A jury convicted appellant of burglary of a habitation with the intent to commit theft and assessed punishment at 40 years confinement.

In his sole ground of error, appellant contends that the jury charge is fundamentally defective because it instructs the jury that the law presumes that a person who enters a habitation at night has the intent to commit theft. Appellant did not object to the charge at trial.

The charge reads in pertinent part as follows:

Where evidence of the act of breaking and entering a habitation shows to have occurred at nighttime, i.e. any time from thirty minutes after sunset to thirty minutes before sunrise, *it shall be presumed* that the person doing the breaking and entering did so with the *intent* to commit the crime of theft; however this presumption may be overcome by other evidence showing that the act of breaking and entering was not done with the intent to commit the crime of theft.

The jury is instructed relative to this presumption, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the State must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

"Theft" is the unlawful appropriation of property with intent to deprive the owner of [such] property and without the effective consent of the owner.

. . . .

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. (Emphasis added).

Ordinarily, the inference of an intent to steal may be said to flow logically from the proved facts of breaking and entering a habitation at nighttime, because it reasonably comports with common human experience, i.e., there is a rational connection between the facts proved and the ultimate fact inferred. The jury is left free to reject the inference if a reasonable doubt remains as to the defendant's guilt in light of all the circumstances of the case. Our legislature, however, has not seen fit to incorporate this inference in our Penal Code.

■ The Court of Criminal Appeals in *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim.App.1985), stated, "[t]he 'presumption' of the intent to commit theft arising from non-consensual nighttime entry is an appellate vehicle employed to review the sufficiency of the evidence, not a trial vehicle used to prove an element of the State's case" (footnote omitted). Except in consideration of a motion for instructed verdict or new trial for insufficiency of evidence, this inference of intent to commit theft is not a trial level presumption. As the Court explained through Judge Miller in *Hardesty v. State*, 656 S.W.2d 73 (Tex. Crim.App.1983), concerning another so-called "presumption" (the "presumption" of theft arising from unexplained possession of recently stolen property), this is only a "permissible inference," i.e., a deduction from the proven facts that the factfinder *may* draw from the circumstances of the case without the aid of any rule of law, but which it is not obligated to so draw. *Hardesty*, 656 S.W.2d at 76. It is not conclusive, nor does it shift the burden of proof, as a true presumption would do. *Hardesty*, 656 S.W.2d at 77. Appellant's entry into a habitation at night is simply a circumstance that perhaps indicates guilt, and from which the jury may or may not infer an intent to commit theft. The State still has the burden of proving that element of the offense, circumstantially or otherwise.

The Court of Criminal Appeals recently reversed a case wherein the charge to the jury was almost identical to the charge in this case. *Browning v. State*, 720 S.W.2d 504 (Tex.Crim.App.1986). The trial court in *Browning* had instructed the jury that, "[o]ur law provides that the act of breaking and entering a habitation at nighttime raises a presumption that the act was done with the intent to commit theft." *Id.* at 505. In reviewing this instruction, the Court of Criminal Appeals stated as follows:

In any given case the jury could make any number of reasonable inferences. But when the trial court, the only source of law the jury has, picks out only one such inference and instructs the jury that that one, though rebuttable, is a presumption provided by law, the court gives the force of law to that one possible inference. In fact, neither statute nor case law provides such a 'presumption' at the trial level. Instructing the jury that it does constitutes, in effect, a comment on the weight of the evidence. We do not hold that the jury may not make such an inference, nor that an appellate court in reviewing the sufficiency of the evidence may not assume that the jury made such a reasonable inference. The error lies in *instructing* the jury that they may apply such an inference. *Id.* at 507 (emphasis in original) (footnote omitted).

■ We find that the instant charge, as submitted to the jury, is likewise an improper comment on the weight of the evidence and is error. Therefore, under *Browning*, we must determine whether the appellant has sustained harm as a result of the court's error.

■ Because appellant failed to object to the court's charge at the time of trial, he will be entitled to reversal only if the error was "fundamental." *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984) (op. on reh'g). When determining whether fundamental error occurred, this Court must con-

sider the entire charge and the record as a whole, and will reverse only if the error is so egregious and created such harm that the appellant was deprived of a fair and impartial trial. *Almanza,* 686 S.W.2d at 171.

Briefly, the facts in this case show that on September 20, 1984, complainant testified that she woke up suddenly at 4 a.m. and saw appellant in her bedroom. She said that when she saw him, he was falling over a box in the bedroom. She testified that "I bawled him out," and he "kind of looked at me and looked around the room and looked over the table and I had some papers and my purse on it and then my husband started waking up and he went on out the window." She then testified that she went outside and saw him on the ground, and that he mumbled something but she couldn't understand what he said. During further questioning, she stated, it "looked like to me like he was looking over at that table looking at my purse," but that he made no attempt to grab anything. No property had been disturbed or stolen. However, she was afraid that he might do something to her and her husband. Complainant went outside and stayed with her husband and appellant until the police arrived.

Her husband testified that he awoke because he heard his wife yelling, and he saw the appellant "right there—over my bed" (later he said that appellant was about five feet from the bed), and that "he went over to the window and went out of the window." Complainant's husband was able to apprehend appellant and hold him until the police came. The husband further testified that the appellant did not say anything while he was in the bedroom, but moaned while he was on the ground; that he could not tell whether appellant was intoxicated; that a neighbor held a gun on appellant while he lay on the ground; and that appellant had attempted to hide in a small house next to their house, but they found him immediately.

There was conflicting evidence as to appellant's intoxication. The neighbor testified that when he and Mr. Buck apprehended the appellant, he appeared to be intoxicated, but not disoriented, and did not appear to be on drugs. But Buck later testified, "Sir, I don't know one drug from another." Buck asked him what he was doing round there, and he said, "I was looking for my girlfriend." He said appellant appeared to be having difficulty relating to reality, but Buck attributed this to appellant's having his head on the ground for so long.

■ At most, the inculpatory evidence in this case is weak. However, facts that support conflicting inferences, i.e., that appellant looked at her purse, or that he was there to "hurt the complainant," which are not mutually exclusive, must be resolved in favor of the verdict. *Browning,* 720 S.W.2d 504. In reviewing the jury argument of the defense and the State, we note that, *compounding* the error of the court in charging on the "presumption of intent to commit theft," the State's attorney in closing argument, referring to defense counsel's argument that this is a "presumption in law and it can be rebutted," made the following statement:

> If you read the charge—I'm not going to go through it—you'll find that the presumption unlike the defense counsel would suggest, we don't have to bring a witness who said that he entered the house unlike a robber and said, "I'm here, I'm going to wake you up and tell you that I'm here to commit a theft...."

Toward the close of his argument, the prosecutor commented:

> The question comes down to this, are we going to decide that as a society that when a person is burglarized at 4:20 in the morning long before sunrise, the presumption of theft is there.

Considering the jury charge together with the State's closing argument, this combination was likely to raise, in the minds of the jury, the permissible inference to be drawn from breaking and entering to a conclusive presumption that the appellant intended to commit theft. In light of this jury charge and closing argument, the jury was not required to consider the circumstantial evidence pertaining to appellant's

**418**

intent. If the facts and circumstances of this record had been considered without this "conclusive presumption," the jury could have determined that appellant's breaking and entering was for a purpose other than theft, in which event the verdict in this case might have been different.

■ We find that the impact of the "presumption" on the jury's decision, together with the prosecutor's quoted jury argument, and the weak inculpatory evidence in this case, probably did cause appellant to suffer egregious harm. The State's burden of proving the defendant guilty beyond a reasonable doubt was lessened to the extent that the erroneous "presumption" was probably used by the jury to prove an element in the State's case. After viewing this entire record, we find that such usage abridged the appellant's constitutional right to require the jury, *exclusively*, to decide whether evidence presented at trial is sufficient to convict. This abridgement is not only unfair; it is constitutionally impermissible. A presumption, even if rational, cannot be used to convict a person of crime if the effect of using the presumption is to deprive the accused of a constitutional right. *Bailey v. Alabama*, 219 U.S. 219, 239, 31 S.Ct. 145, 150, 55 L.Ed. 191 (1911). Appellant's uninvited entry into a habitation at night is simply a circumstance that may indicate guilt, from which the jury may or not infer—but should not be directed to presume—an intent to commit theft. *Browning*, 720 S.W.2d 504.

We sustain appellant's sole point of error.

The judgment is reversed, and the cause is remanded for a new trial.