Charlesworth v. Dial 






NO. 10-90-041-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          CATHY ANN CHARLESWORTH,
                                                                                            Appellant
          v.

          RICHARD IRVIN DIAL AND SANDRA GAIL DIAL,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 249th Judicial District Court
Johnson County, Texas
Trial Court # 249-46-87
* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Richard and Sandra Dial, appellees, sued Cathy Charlesworth, appellant, for injuries they
sustained when Charlesworth's car struck their motorcycle. The jury awarded them $70,429.55
in damages, including $40,000 for future pain and suffering. Charlesworth complains about the
court's allowing the Dials to amend their petition, after the verdict and before judgment, to
increase the amount of damages for future pain and suffering to the amount awarded by the jury. 
The judgment will be affirmed.
          The Dials proceeded to trial on a petition seeking a total of $95,181.96 in damages, which
included $5000 for Richard's future pain and suffering and $3000 for Sandra's. They obtained
a verdict for $70,429.55, including $25,000 for Richard's future physical pain and $15,000 for
Sandra's. Before the judgment was entered, the court allowed the Dials to amend their pleading
to increase the amounts sought for future pain and suffering to the amounts found by the jury. 
Charlesworth complains that the court erred when it did so.
          Rule 63 of the Rules of Civil Procedure provides that parties may amend their pleadings: 
as they may desire by filing such pleas with the clerk at such time as not to operate as a
surprise to the opposite party; provided, that any amendment offered for filing within
seven days of the date of trial or thereafter . . . shall be filed only after leave of the judge
is obtained, which leave shall be granted by the judge unless there is a showing that such
amendment will operate as a surprise [to] the opposite party.

Tex. R. Civ. P. 63. Furthermore, a court must allow trial amendments "freely when the
presentation of the merits of the action will be subserved thereby and the objecting party fails to
satisfy the court that the allowance of such amendment would prejudice him." Id. at 66. Thus,
a court cannot refuse a trial amendment unless: (1) the opposing party presents evidence of
surprise or prejudice; or (2) the opposing party objects to the amendment which asserts a new
cause of action or defense, which is prejudicial on its face. Greenhalgh v. Service Lloyds Ins. Co.,
787 S.W.2d 938, 939 (Tex. 1990).
          Pleadings may be amended after the jury reaches its verdict and before judgment is entered. 
Id. at 940. A party's right to amend at this stage is subject only to the opposing party's right to
show surprise. Id. An amended pleading which increases the amount of damages sought does not
automatically constitute a surprise to the opposing party; instead, the opposing party must show
that the increase resulted in surprise. Id.
          Charlesworth's counsel contested the trial amendment by written motions and by an
affidavit. He alleged in the affidavit that Charlesworth would be irreparably harmed by the
amendment because: (1) it increased her liability for future pain and suffering from $8,000 to
$40,000; (2) it deprived her of the right to cross-examine the Dials about the increase in the
damages sought; (3) it deprived her of the right to call and consult with medical witnesses to refute
their claim of future pain and suffering; (4) it prevented her from seeking medical examinations
of the Dials to refute their claim for future pain and suffering; (5) it deprived her of considering
the increased damages in settlement negotiations; (6) it deprived her of the right to call fact
witnesses concerning the Dials' claim for future pain and suffering; (7) it deprived her of the right
to seek a continuance; and (8) it deprived her of the right to direct her trial strategy.
          The jury's award, $70,429.55, was almost $25,000 less than the total damages sought by
the Dials in their trial pleading. Charlesworth must have considered their claim for future pain
and suffering in determining trial strategy, settlement negotiations, calling and questioning of
expert and fact witnesses, cross-examining witnesses, and preparing for trial because the Dials
were seeking these damages before the amendment. She does not indicate how her strategy would
have substantially changed had the greater amount of future pain and suffering been originally
pleaded. 
          Damages for future pain and suffering are incapable of exact calculation or proof. See
Moore v. Lillebo, 722 S.W.2d 683, 686 (Tex. 1986). Consequently, placing a value on this type
of damage is peculiarly within the jury's province. Id. Charlesworth has not explained how she
could have cross-examined the Dials or their witnesses or presented expert or lay witnesses to
prove that they had only sustained $8,000 rather than $40,000 in damages for future pain and
suffering. The evidence was factually sufficient to support such an award, and Charlesworth does
not contend otherwise. 
          The trial amendment did not assert a new cause of action, but merely increased the amount
of damages to conform to the jury's award. As Charlesworth failed to prove that she was
surprised or prejudiced by the amendment, the court acted properly in allowing it. See
Greenhalgh, 787 S.W.2d at 941. Accordingly, points one and two are overruled and the judgment
is affirmed. 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Chief Justice McDonald (Retired)
          and Justice James (Retired)
Affirmed
Opinion delivered and filed February 7, 1991
Do not publish



(Tex. Crim. App. 1980). We overrule point
three. 
      Finally, Lambert asserts that the instruction is an impermissible comment on the weight of the
evidence because the court "emphasiz[ed] through its instruction how the jury could find intent on
the part of the defendant, [and] made its feelings known to the jury as to the issue of intent." 
Lambert relies solely upon Browning v. State, 720 S.W.2d 504, 507 (Tex. Crim. App. 1986), and
argues that, "when the trial court, the only source of the law the jury has, picks out only one such
inference and instructs the jury that that one, though rebuttable, is a presumption provided by law,
the court gives the force of law to that one possible inference." In Browning, the court instructed
the jury that "[o]ur law provides that the act of breaking and entering at nighttime raises a
presumption that the act was done with the intent to commit theft." Id. at 505. The Court of
Criminal Appeals held that instructing the jury on the presumption was a comment on the weight
of the evidence because it instructed the jury that, if it found that he had entered the home at night,
they could presume intent and disregard appellant's defensive evidence altogether. Id. at 508. 
      However, the facts in Browning are distinguishable from the facts here. The court's
instruction did not refer to any presumption or any specific evidence introduced by either party
and did not "pick out only one inference" the jury could have made; rather, the instruction merely
advised the jury of the broad categories of evidence it could review as it determined Lambert's
"intent, if any." Id. The instruction did not comment on any evidence and was a proper
instruction. Point four is overruled, and the judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 17, 1996
Do not publish