COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-274-CR

 

 

DENNIS MICHAEL GOSDIN                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Dennis Michael Gosdin appeals his conviction for
two counts of aggravated sexual assault with a deadly weapon.  In two points, he challenges the legal and
factual sufficiency of the evidence to support the jury=s
finding that the knife he used or exhibited during the assaults was a deadly
weapon.  We affirm.








                                            Background

The complainant, AErica@ (a
pseudonym), is a prostitute.  She
testified that Appellant picked her up off the street in his pick-up truck,
drove her to a secluded location, andCwhen she
insisted that he pay her Abefore anything else went on@Cpulled
out a knife.  Erica described the knife
as A[l]ike a
Bowie knife, a long one,@ Aa huge
knife,@ with Aspikes@ on the
back edge.  She testified that Appellant
leaned toward her with the knife in a threatening manner, pointed the knife at
her stomach, and ordered her to undress. 
She said that she believed the knife could cause serious bodily injury
or death, that Appellant had the present ability to cause serious bodily injury
or death, and that she was afraid Appellant was going to kill her.  The knife was admitted into evidence and
shown to the jury, and a photograph of the knife appears in the record.  The knife has a blade seven and three-quarter
inches long, a barbed or deeply serrated spine, and Aknuckles@ on the
grip.

Appellant forced Erica to perform oral sex on
him; then he penetrated her female sexual organ with his penis.  Afterwards, Appellant allowed Erica to get
out of his truck.  She memorized his
license plate number and reported the assault to the police.








A grand jury indicted Appellant for two counts of
aggravated sexual assault, alleging that Appellant Aused or
exhibited a deadly weapon, to-wit: a knife, that in the manner of its use or
intended use was capable of causing death or serious bodily injury.@  A jury convicted Appellant on both
counts.  The trial court found a
repeat-offender allegation to be true and sentenced Appellant to two life
sentences.

                                      Standards
of Reviews

When reviewing the legal sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Neal v. State,
256 S.W.3d 264, 275 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct.
1037 (2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).  We then ask whether the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak
that the factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.  Lancon
v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204
S.W.3d at 414B15, 417.

                                             Discussion








Although a knife is not a deadly weapon per se,
the court of criminal appeals has held that an object, such as a knife, can be
a deadly weapon if the actor intends to use the object in a way in which it
would be capable of causing death or serious bodily injury.  McCain v. State, 22 S.W.3d 497, 502B03 (Tex.
Crim. App. 2000); Russell v. State, 804 S.W.2d 287, 290 (Tex. App.CFort
Worth 1991, no pet.); see also Tex. Penal Code Ann. ' 1.07(17)(B)
(Vernon 2002) (defining Adeadly weapon@ as Aanything
that in the manner of its use or intended use is capable of causing death or
serious bodily injury@).  Serious bodily injury means bodily injury
that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.  Tex. Penal
Code Ann. ' 1.07(a)(46).  Factors considered in determining whether a
knife is capable of causing death or serious bodily injury include the physical
proximity of the parties; the threats or words used by the defendant; the size,
shape, and sharpness of the weapon; the manner in which the defendant used the
weapon; and the wounds inflicted on the victim. 
Brown v. State, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986); Bailey
v. State, 46 S.W.3d 487, 491B92 (Tex.
App.CCorpus
Christi 2001, pet. ref=d) (op. on remand); Garcia v.
State, 17 S.W.3d 1, 4B5 (Tex. App.CHouston
[1st Dist.] 1999, pet. ref=d); see
also McCain, 22 S.W.3d at 503 (A[T]he
mere carrying of a butcher knife during such a violent attack as occurred in
the present case was legally sufficient for a factfinder to conclude that the >intended
use= for the
knife was that it be capable of causing death or serious bodily injury.@).

In this case, Appellant pointed a knife with a
blade over seven inches long at Erica=s
stomach within the close confines of his pick-up=s cab
and ordered her to undress.  Erica
testified that, in her opinion, the knife was capable of causing death or
serious bodily injury and that she was afraid Appellant was going to kill her
with it.  The knife was admitted into
evidence, and the jury could assess the size, shape, and sharpness of the knife
for itself.  From the black and white
photograph in the reporter=s
record, we can see that the knife is a combat-style weapon with a long, curved
blade, a barbed spine, and a knuckled grip.








Appellant cites several cases in which appellate
courts deemed the evidence insufficient to prove that a knife was a deadly
weapon.  Those cases are easily distinguishable
because the knives in question were not offered into evidence and, in some
cases, not even clearly described by testimony. 
See, e.g., Blaine v. State, 647 S.W.2d 293, 294
(Tex. Crim. App. 1983) (holding evidence insufficient to prove defendant used a
deadly weapon when complainant testified that defendant displayed Asomething
like a kitchen knife@ during robbery but could not
say whether it had a sharp edge or how long the blade was); Davidson v.
State, 602 S.W.2d 272, 274 (Tex. Crim. App. 1980) (holding evidence
insufficient to establish that knife was a deadly weapon when witnesses
estimated the blade=s length to be anywhere from
two-and-a-half to five inches, the knife was not introduced into evidence, and
the State offered no testimony about the knife=s
potential to inflict death or serious bodily injury); Turner v. State,
688 S.W.2d 698, 701 (Tex. AppCHouston
[1st Dist.] 1985) (holding evidence insufficient when knife was not introduced
into evidence; there was no testimony about the knife=s size
or blade or even whether the blade was open; and there was no testimony of
threats or fear of death or serious bodily injury), vacated on other grounds,
720 S.W.2d 533 (Tex. Crim. App. 1986). 
In the case before us, unlike the cases upon which Appellant relies, the
knife was thoroughly described, and the actual knife was admitted into
evidence, allowing the jury to assess whether the knife was capable of causing
death or serious bodily injury.








Considering the evidence in the light most
favorable to the prosecution, we hold that a rational trier of fact could have
found beyond a reasonable doubt that Appellant=s knife
was, in the manner of its use or intended use, capable of causing death or
serious bodily injury and was, therefore, a deadly weapon.  Thus, the evidence is legally sufficient to
support the jury=s verdict.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Clayton, 235 S.W.3d at 778. 
We overrule Appellant=s first
point.

Considering the evidence in a neutral light, it
is not so weak that the jury=s
verdict is clearly wrong and manifestly unjust. 
See Lancon, 253 S.W.3d at 704.  Nor is there any conflicting evidence
whatsoever.  Therefore, the evidence was
also factually sufficient, and we overrule Appellant=s second
point.

                                             Conclusion

Having overruled both of Appellant=s
points, we affirm the trial court=s
judgment.

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 2, 2009











[1]See Tex. R. App. P. 47.4.