

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-274-CR

DENNIS MICHAEL GOSDIN                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Dennis Michael Gosdin appeals his conviction for two counts of aggravated sexual assault with a deadly weapon. In two points, he challenges the legal and factual sufficiency of the evidence to support the jury's finding that the knife he used or exhibited during the assaults was a deadly weapon. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background

The complainant, "Erica" (a pseudonym), is a prostitute. She testified that Appellant picked her up off the street in his pick-up truck, drove her to a secluded location, and—when she insisted that he pay her "before anything else went on"—pulled out a knife. Erica described the knife as "[l]ike a Bowie knife, a long one," "a huge knife," with "spikes" on the back edge. She testified that Appellant leaned toward her with the knife in a threatening manner, pointed the knife at her stomach, and ordered her to undress. She said that she believed the knife could cause serious bodily injury or death, that Appellant had the present ability to cause serious bodily injury or death, and that she was afraid Appellant was going to kill her. The knife was admitted into evidence and shown to the jury, and a photograph of the knife appears in the record. The knife has a blade seven and three-quarter inches long, a barbed or deeply serrated spine, and "knuckles" on the grip.

Appellant forced Erica to perform oral sex on him; then he penetrated her female sexual organ with his penis. Afterwards, Appellant allowed Erica to get out of his truck. She memorized his license plate number and reported the assault to the police.

A grand jury indicted Appellant for two counts of aggravated sexual assault, alleging that Appellant "used or exhibited a deadly weapon, to-wit: a

2

knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury." A jury convicted Appellant on both counts. The trial court found a repeat-offender allegation to be true and sentenced Appellant to two life sentences.

## Standards of Reviews

When reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's

3

determination is manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

**Discussion**

Although a knife is not a deadly weapon per se, the court of criminal appeals has held that an object, such as a knife, can be a deadly weapon if the actor intends to use the object in a way in which it would be capable of causing death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 502–03 (Tex. Crim. App. 2000); *Russell v. State*, 804 S.W.2d 287, 290 (Tex. App.—Fort Worth 1991, no pet.); *see also* Tex. Penal Code Ann. § 1.07(17)(B) (Vernon 2002) (defining "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury"). Serious bodily injury means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Tex. Penal Code Ann. § 1.07(a)(46). Factors considered in determining whether a knife is capable of causing death or serious bodily injury include the physical proximity of the parties; the threats or words used by the defendant; the size, shape, and sharpness of the weapon; the manner in which the defendant used the weapon; and the wounds inflicted on the victim. *Brown v. State*, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986); *Bailey v. State*, 46 S.W.3d 487, 491–92 (Tex.

4

App.—Corpus Christi 2001, pet. ref'd) (op. on remand); *Garcia v. State*, 17 S.W.3d 1, 4–5 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *see also McCain*, 22 S.W.3d at 503 ("[T]he mere carrying of a butcher knife during such a violent attack as occurred in the present case was legally sufficient for a factfinder to conclude that the 'intended use' for the knife was that it be capable of causing death or serious bodily injury.").

In this case, Appellant pointed a knife with a blade over seven inches long at Erica's stomach within the close confines of his pick-up's cab and ordered her to undress. Erica testified that, in her opinion, the knife was capable of causing death or serious bodily injury and that she was afraid Appellant was going to kill her with it. The knife was admitted into evidence, and the jury could assess the size, shape, and sharpness of the knife for itself. From the black and white photograph in the reporter's record, we can see that the knife is a combat-style weapon with a long, curved blade, a barbed spine, and a knuckled grip.

Appellant cites several cases in which appellate courts deemed the evidence insufficient to prove that a knife was a deadly weapon. Those cases are easily distinguishable because the knives in question were not offered into evidence and, in some cases, not even clearly described by testimony. *See*, *e.g.*, *Blaine v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983) (holding

5

evidence insufficient to prove defendant used a deadly weapon when complainant testified that defendant displayed "something like a kitchen knife" during robbery but could not say whether it had a sharp edge or how long the blade was); *Davidson v. State*, 602 S.W.2d 272, 274 (Tex. Crim. App. 1980) (holding evidence insufficient to establish that knife was a deadly weapon when witnesses estimated the blade's length to be anywhere from two-and-a-half to five inches, the knife was not introduced into evidence, and the State offered no testimony about the knife's potential to inflict death or serious bodily injury); *Turner v. State*, 688 S.W.2d 698, 701 (Tex. App—Houston [1st Dist.] 1985) (holding evidence insufficient when knife was not introduced into evidence; there was no testimony about the knife's size or blade or even whether the blade was open; and there was no testimony of threats or fear of death or serious bodily injury), *vacated on other grounds*, 720 S.W.2d 533 (Tex. Crim. App. 1986). In the case before us, unlike the cases upon which Appellant relies, the knife was thoroughly described, and the actual knife was admitted into evidence, allowing the jury to assess whether the knife was capable of causing death or serious bodily injury.

Considering the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant's knife was, in the manner of its use or intended use, capable of

6

causing death or serious bodily injury and was, therefore, a deadly weapon. Thus, the evidence is legally sufficient to support the jury's verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. We overrule Appellant's first point.

Considering the evidence in a neutral light, it is not so weak that the jury's verdict is clearly wrong and manifestly unjust. *See Lancon*, 253 S.W.3d at 704. Nor is there any conflicting evidence whatsoever. Therefore, the evidence was also factually sufficient, and we overrule Appellant's second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2009

7