**Opinion filed September 19, 2019**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-17-00256-CR**

_____

**RANDELL RAY BOWERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR24772**

## MEMORANDUM OPINION

After a bench trial, the trial court convicted Randell Ray Bowers of three counts of forgery. *See* TEX. PENAL CODE ANN. § 32.21 (West Supp. 2018). Appellant pleaded "true" to two prior felonies alleged for enhancement purposes. As a result, the punishment range for the three forgery convictions was enhanced to twenty-five years to ninety-nine years or life in prison. *See id.* § 12.42(d) (West 2019). In each of the three forgery convictions, the trial court sentenced Appellant to confinement

for life in the Institutional Division of the Texas Department of Criminal Justice.[1] In two issues on appeal, Appellant contends that the evidence was insufficient to support his convictions. We affirm.

*Background Facts*

Brownwood Police Officer Paul Chrisman testified that he was dispatched on July 3, 2016, to the residence of Tabitha Porter, Appellant's girlfriend. Subsequently, Officer Chrisman arrested Appellant for aggravated assault with a deadly weapon. Officer Chrisman searched Appellant incident to the arrest to make sure that Appellant did not have any weapons on him before transporting him to jail. During the search, Officer Chrisman located a large, oddly shaped bundle of cash in Appellant's pocket. Appellant told Officer Chrisman that he wanted Officer Chrisman to give the money to Porter. However, Officer Chrisman gave the cash to Brownwood Police Officer Chandra Means.

Officer Means testified that Officer Chrisman asked her to check the bundle of cash to ensure that it did not contain narcotics. She stated that the bundle of cash "was kind of odd . . . it was wrapped in, like, a square with several rubber bands." Officer Means took the money apart and determined that one $100 bill and two $50 bills were counterfeit. The other bills in the bundle recovered from Appellant's pocket consisted of an actual $1 bill and an actual $10 bill. The bundle also contained "a wad of newspapers and stuff." Officer Means also searched Porter's apartment and located a black bag belonging to Appellant. Officer Means located more counterfeit bills in the bag.

---

[1]The record reflects that Appellant had seven prior felony convictions, as well as several prior misdemeanor convictions. Many of the prior convictions involved assaults or weapons. Additionally, Appellant was also convicted in the same bench trial of aggravated assault with a deadly weapon. The trial court also sentenced Appellant to confinement for life for the aggravated assault conviction.

Catherine Brooks, Porter's neighbor, testified that, before the police arrived in response to the alleged aggravated assault, she observed Appellant "walking by, flashing some money, telling [her] he had plenty of money and that he was going to leave."

Brownwood Police Detective Harold Q. Thomas interviewed Appellant after his arrest. Appellant told Detective Thomas that he received the counterfeit money from a company named "Garcia Lawn Mowing," which was located in Temple. Appellant stated that Ruben Garcia and Garcia's brother left the money in an envelope in Appellant's mother's mailbox. Appellant admitted that he knew that the money was "bad." Detective Thomas researched Garcia Lawn Mowing and was unable to find any company with that name. Detective Thomas testified that the manner in which the money was bundled made "it look like [it was] more money than it [was], it [was] used to present to other people to make purchases."

*Analysis*

In two issues, Appellant contends that the evidence was insufficient to support his three convictions for forgery by possession with intent to utter. "The elements of forgery by possession with intent to utter are (1) a person (2) 'forges' (3) a writing (4) with[] intent to defraud or harm (5) another." *Burks v. State*, 693 S.W.2d 932, 936 (Tex. Crim. App. 1985). As relevant here, "forge" means to possess a writing that has been altered or made, or so that it purports to be the act of another who did not authorize that act—with intent to pass, transfer, or otherwise utter a writing that is forged. PENAL § 32.21(a)(1); *see Burks*, 693 S.W.2d at 936. A "writing" includes money. PENAL § 32.21(a)(2)(B).

In his first issue, Appellant contends that there was insufficient evidence that he possessed the counterfeit money with an intent to pass or otherwise utter as

alleged in the indictment. Appellant contends that there was no evidence that he had formed the intent to pass the counterfeit bills prior to the police taking them from him. He further contends that, once the police removed the bills from his pocket, he no longer possessed them. It appears that Appellant makes this contention based upon the trial court's statement at the close of evidence that it determined that Appellant possessed the bills with the intent to pass them because he did attempt to later pass them to Porter after Officer Chrisman removed the bills from Appellant's pocket.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the

verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

We note at the outset that, "[w]hile evidence of a passing or attempted passing of a forged instrument would certainly aid the State in proving a case of possessing a forged instrument [with intent to utter], such evidence is not absolutely essential." *Shipp v. State*, 292 S.W.3d 262, 264 (Tex. App.—Texarkana 2009, no pet.) (citing *Burks*, 693 S.W.2d at 936). Thus, the State was not required to prove that Appellant passed or attempted to pass the counterfeit bills in order for him to be convicted of "forgery by possession." *Burks*, 693 S.W.2d at 936. Instead, Appellant could be convicted if the evidence permitted a rational trier of fact to determine that Appellant possessed the counterfeit bills with the intent to pass them in the future. *See id.* We conclude that the evidence in this case satisfies this requirement. Detective Thomas testified that Appellant packaged the counterfeit bills in such a manner that indicated that he intended to present it to others to look like it was more money than it actually was. Additionally, Brooks testified that Appellant "flashed" the bundle of money to her and made a comment that he had "plenty of money." The manner in which Appellant bundled the money, coupled with his actions and comments to Brooks, is evidence that Appellant possessed the counterfeit bills with an intent to pass them. Thus, the offenses of forgery by possession were complete before the police arrived at the scene. We overrule Appellant's first issue.

In his second issue, Appellant asserts that there was insufficient evidence to show that he had the intent to defraud or harm another. Appellant acknowledges a line of cases holding that, when a person possesses a writing that he knows to be a forgery, an intent to defraud or harm is inferred. *See Williams v. State*, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985). In this regard, there is no dispute that Appellant

knew the bills were counterfeit. Appellant contends that such a sweeping inference for all forgery cases impermissibly creates a presumption that is not present in Section 32.21. We disagree with Appellant's analysis.

We first note that *Williams* was an opinion from the Texas Court of Criminal Appeals. Under *Williams*, if the State proves that the defendant had knowledge that a particular writing is forged, proof of intent to defraud is inferred. *Okonkwo v. State*, 398 S.W.3d 689, 701 n.16 (Tex. Crim. App. 2013) (Cochran, J., concurring). However, this inference is "an appellate vehicle employed to review the sufficiency of the evidence, not a trial vehicle used to prove an element of the State's case," *Browning v. State*, 720 S.W.2d 504, 506 (Tex. Crim. App. 1986) (quoting *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985)) as is the case with a trial-level presumption. *Id.* (citing *Hardesty v. State*, 656 S.W.2d 73, 77 (Tex. Crim. App. 1983)). A permissible inference of this type is not conclusive and does not shift the burden of proof as a "true presumption" would do. *Id.* (citing *Hardesty*, 656 S.W.2d at 77). It "is simply a circumstance perhaps indicating guilt" from which the factfinder may or may not infer an intent to defraud or harm another. *Id.*

As previously noted, the evidence establishes that Appellant knew that the bills were counterfeit. Despite having this knowledge, Appellant placed the three counterfeit bills in a bundle wrapped with two actual bills of nominal value along with pieces of newspaper. He flashed the bundle to Brooks and, when doing so, commented that he had plenty of money. Based on this evidence, a rational trier of fact could have found beyond a reasonable doubt that Appellant possessed the counterfeit bills with an intent to harm or defraud another and that Appellant had an intent to pass the counterfeit bills. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


                                    JOHN M. BAILEY

                                    CHIEF JUSTICE


September 19, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.