NUMBER 13-03-211-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
MICHAEL JONES,                                                                       Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 347th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
          Appellant, Michael Jones, was convicted by a jury for the offense of burglary of a
habitation.


 Punishment was assessed at twenty years in prison and a fine of $10,000. 
On appeal, appellant contends the evidence is legally insufficient to support his conviction. 
We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          The record contains the trial court’s certification that the case is not a plea-bargain
case, and the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2).
          In a legal sufficiency review, an appellate court must examine the evidence
presented in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State, 14
S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, a reviewing court
considers all the evidence admitted that will sustain the conviction, including improperly
admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). As fact
finder, the jury is the exclusive judge of the credibility of witnesses and the weight to be
afforded to their testimony. Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App.
1991). The jury is free to accept one version of the facts, reject another, or reject all or any
of a witness's testimony. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).
          Where there is no direct evidence placing a defendant at the crime scene, a
conviction for burglary may, under certain circumstances, rest upon the defendant having
been found in possession of the stolen items. Sweeny v. State, 925 S.W.2d 268, 270-71
(Tex. App.–Corpus Christi 1996, no pet.); see also Chavez v. State, 843 S.W.2d 586, 587
(Tex. Crim. App. 1992); Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). To
prove burglary of a habitation, the State must show that the defendant, without the effective
consent of the owner, entered a habitation with intent to commit a theft. See Tex. Pen.
Code Ann. § 30.02(a)(1) (Vernon Supp. 2004). The deduction of guilt drawn from a
defendant's recent and unexplained possession of stolen property is merely a
circumstance of guilt and is not conclusive. Hardesty, 656 S.W.2d at 76. Once the
permissible inference arises, the sufficiency of the evidence must still be examined
according to applicable direct or circumstantial evidence standards of appellate review
since the inference is not conclusive. Id.
          On appeal, we measure the legal sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997). Such a charge accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State's burden of proof or
unnecessarily restrict the State's theories of liability, and adequately describes the
particular offense for which the defendant is being tried. Id.
          Appellant argues that the fact that he was in possession of stolen property the day
after the burglary was not an inference of his guilt and that the circumstantial evidence
used was too weak to prove the elements of burglary. We disagree.
          Testimony of the victim established that a burglary took place at her home by a man
in a black ski mask. Appellant was found in possession of many of the stolen items the
morning after the burglary. The victim’s husband testified that the coat appellant was
wearing at the time of his arrest was stolen from their home. A locksmith testified appellant
had given him two watches, which had been stolen from the victim’s residence during the
burglary as payment for getting a key made for a red Cadillac, in which many of the stolen
items were found. A stereo stolen from the residence was found in appellant’s mother’s
residence. Appellant’s fingerprints were found on a condom box that was stolen from the
home. His fingerprints were also found on an envelope which was recovered from a stolen
Dodge pickup, which, in turn, was found abandoned within a mile of the residence of
appellant’s mother. In addition, a black ski mask, which the victim’s husband testified was
not stolen from their home, was found with the stolen property.
          We find that the evidence was sufficient to support appellant’s conviction. A rational
trier of fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson, 443 U.S. at 319; Young, 14 S.W.3d at 753. The evidence in
this case rises above a mere circumstance of guilt. Hardesty, 656 S.W.2d at 76. 
          We overrule appellant’s lone issue. The judgment of the trial court is affirmed.
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
26th day of August, 2004.